IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARISSE STEPHENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-02906-K-BT |
| | § | |
| VIRGINIA WORKERS | § | |
| COMPENSATION COMMISSION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Sharisse Stephenson has filed a Motion for Default Judgment (ECF No. 13). For the following reasons, the Court should exercise its discretion to DENY Plaintiff's Motion for Default Judgment.

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). And once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). But whether to enter default judgment is within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")).

1

"[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). Default judgments are "disfavored" and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (internal citations and quotations omitted).

To determine whether to enter default judgment, the Court conducts a two-part analysis. First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey*, 161 F.3d at 893 (citing 10 Charles Alan Wright et al., Federal Practice and Procedure § 2685 (2d ed. 1983)). Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Here, Plaintiff argues she is entitled to a default judgment because Defendants failed to timely respond to her complaint. Pl.'s Mot. Def. J. at 2 (ECF No. 13). But, as noted above, Plaintiff is not entitled to a default judgment merely

because Defendants might be in default. *Ganther*, 75 F.3d at 212; *Lewis*, 236 F.3d at 767 (per curiam) (noting that default judgments are "a drastic remedy" generally disfavored by the Federal Rules and "resorted to by courts only in extreme situations") (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). And Defendants have now appeared in this action and filed a motion to dismiss, arguing—among other things—that Plaintiff failed to effect proper service on them. Defs.' Mot. Dismiss at 9–12 (ECF No. 35). Unless and until Plaintiff properly serves Defendants, they have no duty to answer the complaint, and Plaintiff cannot obtain a default judgment. *See Clark v. City of Pasadena*, 158 F.4th 653, 656 (5th Cir. 2025) ("A defendant targeted for default must have been served with legal process under Rule 4 in order to be held accountable for failing to answer the complaint.") (citing *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)); *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court.").

Defendants further argue that Plaintiff has failed to allege sufficient facts to establish personal jurisdiction over them and that the Court cannot exercise subject matter jurisdiction over Plaintiff's claim for injunctive relief due to the *Younger* doctrine. Defs.' Mot. Dismiss at 5–9 (ECF No. 35). The Court has an affirmative duty to examine its jurisdiction—both over the subject matter and the

parties. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). A judgment entered without jurisdiction is void. *Id.*

Given that the grounds for default are not clearly established, the serious jurisdictional issues raised by Defendants' motion, and the strong policy favoring decisions on the merits, the Court should exercise its discretion to DENY Plaintiff's Motion for Default Judgment.

**SO RECOMMENDED.**

June 5, 2026.

_____

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4